WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marathon Petroleum Company LP, | No. CV-23-00962-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Ganesh Incorporated, et al., | |
| Defendants. | |

Plaintiff Marathon Petroleum Company LP's ("Marathon") accuses defendants Ganesh Inc. a/k/a Ganesh Company ("Ganesh"), Asvin Bhanvadia ("Bhanvadia"), and Shilpa Bhanvadia (collectively "Defendants") of breach of contract. (Doc. 1.) The complaint alleges the following. On October 30, 2007, Ganesh entered into fuel supply and franchise agreements (the "Gas Agreements") with Marathon's predecessor-in-interest. (¶ 12.) As a condition of entering into these agreements, Bhanvadia entered into an unconditional guaranty (the "Guaranty") securing performance of the Gas Agreements. (¶ 13.) Marathon succeeded to all rights under those agreements. (¶ 14.) Defendants breached various terms of the agreements, including by failing to maintain storage tanks and, ultimately, abandoning the business. (¶¶ 15-16.) Consequently, Marathon terminated the agreements on May 30, 2019. (¶ 20.) At the time, Defendants owed Marathon $381,372.85. (¶ 22.) Defendants have not paid, despite Marathon's repeated demands. (¶ 23.) The Clerk of the Court entered default against Defendants after they failed to appear or defend, despite

being served. (Docs. 7-9, 14.) Marathon now moves for entry of default judgment. (Doc. 18.)

Whether to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Court may consider the following factors when deciding whether default judgment is appropriate: (1) the possibility of prejudice to the plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of factual disputes, (6) whether default is due to excusable neglect, and (7) the policy favoring decisions on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In considering the merits and sufficiency of the complaint, the Court accepts as true the complaint's well-pled factual allegations. *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Although the Court should consider and weigh relevant factors as part of the decision-making process, it "is not required to make detailed findings of fact." *Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002).

These factors favor entry of default judgment. Marathon's complaint plausibly alleges that Defendants breached their contracts, and those allegations must now be accepted as true. If default judgment is not granted, Marathon "will likely be without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Given Defendants' default, there likely are no genuine factual disputes that would preclude granting the motion. *Id.* There is no evidence that Defendants' default was the result of excusable neglect. Marathon seeks $381,372.85 plus pre- and post-judgment interest (an amount substantiated by Marathon's evidentiary attachments, *see* Doc. 18-1 at 2-3 and corresponding exhibits), and an award of attorney fees. Though not insignificant, this amount is not so high as to counsel against default judgment. And although cases "should be decided on their merits whenever reasonably possible" *Eitel*, 782 F.2d at 1472, the existence of Federal Rule of Civil Procedure 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177 (citation omitted). Accordingly,

**IT IS ORDERED** that Marathon's motion for default judgment (Doc. 18) is **GRANTED.** The Clerk of the Court is directed to enter judgment in favor of Marathon and against Defendants in the amount of $381,372.85, plus pre-judgment interest at a rate of 9.5%[1] and post-judgment interest at a rate of 4.08%.[2]

**IT IS FURTHER ORDERED** that Marathon may apply for attorney fees according to LRCiv 54.2 within 14 days of entry of this order.

Dated this 17th day of September, 2024.

_____
Douglas L. Rayes
Senior United States District Judge

---

[1] The Guaranty is governed by Arizona law. (Doc. 18-1 at 8.) Under Arizona law, "interest on any judgment other than a judgment on medical debt shall be at the lesser of ten percent a year or at a rate per year that is equal to one percent plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15 or any publication that may supersede it," unless otherwise provided in a statute or contract. A.R.S. § 44-1201(B). Marathon cites no statute or contractual provision providing for a different interest rate. The prevailing prime rate published by statistical release H.15 is 8.5%. *See* https://www.federalreserve.gov/releases/h15/ (last visited September 17, 2024). Thus, the pre-judgment interest rate is 9.5% (1% plus 8.5%, which is less than 10%).

[2] "Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a).